Nicholson, C. J.,
delivered the opinion of the Court.
This was a bill filed by the Bank of Louisville, to enforce a mortgage executed by F. J. & J. W. Left-wick, to secure the payment of several bills of exchange drawn by them, and sold to said Bank. F. J. Leftwick was dead when the bill was filed — his widow and heirs were made parties and were served with process. The widow, who has since intermarried with McGee, answered, claiming dower. The children being minors, were represented by Cash, who answered for them as guardian, but the record contains no separate entry showing his appointment. J. W. Leftwick died pending the suit — his widow and children, all minors, were made defendants regularly by seire facias, and George Gantt appointed guardian ad litem; as such he answered for them. The widow of J. W. Leftwick answered and claimed dower.
F. Titus, a complainant in the bill, died pending the suit, when by. consent the same was revived in the name of his executors, Edmundson and Titus. On the 12th of January, 1871, a decree was made ordering a sale of the land, subject to the dower, which was directed to be laid off. It was ordered .that the sale be made on six months’ time, and that it be absolute, without any right of redemption — but *473 it does not appear that this order was made upon the application of the complainant.
The Clerk and Master made sale of the land on the 20th of April, 1871, when the same was purchased by Edmundson and Titus, executors, for the benefit of the estate of E. Titus, deceased, and they executed their note for $10,000, with security.
The report was made to the Court, and on the 28th of November, 1871, the same being unexcepted to, was confirmed, and the title divested and vested in the purchasers.
On the same day, the Master having reported that the note for $10,000 was due and unpaid, judgment was rendered thereon against the makers and their surety.
At the same time the executors of Titus, who were the makers of said note, appealed to this Court.
Several irregularities are pointed out in the proceedings which do not affect the merits of the case, and which it is not necessary specially to notice. It appears, that the minor heirs of the two Leftwicks were regularly before the Court, and represented by guardians, although the record does not show the appointment of' one of the guardians. It does show, however, that he appeared and answered as guardian, and no-exception being taken to the sufficiency of the answer, and the Chancellor having acted upon the answer as properly filed, we will presume that there was an appointment, especially as we can see that no exception was taken to the report of the sale of the lands, and that the minors, as far as we can see, have no in *474 terest in disturbing the sale. Swan v. Newman, 3 Head, 288.
The purchasers of the land, however, insist that the sale was void because in the decree ordering a sale of the land, on a credit of six months, it does not appear that this credit was given upon the application of the complainant. It is trae, that by Sec. 2124 of the Code, in order to cut off the right of redemption and give the purchaser an absolute title, it is essential that it shall be sold on a credit of at least six months, and upon application of the complainant. The statute does not declare the sale void, except as against all who stand in a position to redeem. This we understand to have been the meaning of this Court in declaring the sale void, in the case of Carter v. Simms. Any one having a right to redeem, is entitled to have such a decree set aside as void; but, in the present case, the objection to the decree is made by the purchasers, who made no exception to the report of the sale, but permitted the same to be confirmed without objection.
They have no right to assume that any creditor of the Leftwicks or their heirs will claim the privilege of redeeming before two years from the date of sale shall expire.
There is nothing from which we can infer that the property was not sold for a fair price, and nothing showing that it is to the interest of the widows or minors of the parties that the . land should be resold. The only effect of the purchase was, that ' the purchasers took the title subject to redemption by any *475 one having the right to redeem. When the two years shall have expired their title will be absolute.
We find no error in' the decree, and affirm it with costs.